UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARLON CHAMBERS, )
A 042-466-530, )
        Petitioner, )
)
v. ) CIVIL ACTION NO. 11-10845-RWZ
)
ROBERT MURPHY, Superintendent, )
        Respondent. )

## MEMORANDUM AND ORDER FOR DISMISSAL

ZOBEL, D.J.

      On April 29, 2011, Marlon Chambers ("Chambers"), an individual confined at Bridgewater State Hospital in Bridgewater, Massachusetts, filed a one page Petition for Writ of Habeas Corpus, on a template form. It is unclear, however, from what court Chambers seeks relief. On the top center of the form, the "Commonwealth of Massachusetts" is listed (rather than the United States District Court). On the upper right portion of the document, the "District Court Department Criminal Division" is listed, and several state docket numbers are handwritten underneath. On the upper left portion, Chambers has handwritten "Boston Superior Court Immigration Custom Enforcement Plymouth House of Correction." Petition at 1. Indeed, there is nothing in the petition itself that indicates that the pleading is directed to the United States District Court. The envelope accompanying the petition, however, indicates that Chambers addressed it to this Court.

      With respect to both the grounds for habeas relief, and the relief sought, the petition is sparse. The document simply states that Chambers requests that Superintendent Murphy bring him into (an unspecified) court on May 3, 2011 for a hearing. As the reason, he states: "No 90 day Review no 6 month Review of

Deportation, Untimely Deportation." Id.

The Clerk's Office opened this action as an immigration habeas petition pursuant to 28 U.S.C. § 2241.

## DISCUSSION

I.  The Filing Fee

As an initial matter, assuming that Chambers intended to bring a habeas petition in federal court, he must first satisfy the Court's filing fee requirements. Specifically, a party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) file an Application to Proceed Without Prepayment of Fees. See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Additionally, the application must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases; 28 U.S.C. § 1915.

Here, Chambers has not paid the filing fee, nor has he filed a Motion for Leave to Proceed *in forma pauperis*, along with his inmate account.

Ordinarily, this Court would afford an inmate an opportunity to satisfy the filing fee requirements; however, in light of the *sua sponte* dismissal of this action for the reasons set forth below, no further opportunity is necessary.

II.  The Petition is Subject to Review

As noted above, it is not clear whether Chambers meant to file a habeas petition in this Court. Assuming, however, that the petition has been brought pursuant to § 2241, the petition may be preliminarily reviewed because the rules governing § 2254 cases may be applied at the discretion of the district court to other habeas petitions.

2

See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Bramson v. Winn, 136 Fed. Appx. 380, at 382, 2005 WL 1399321, at *2 (1st Cir. June 15, 2005) (district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition) (*per curiam*) (not selected for publication); Boutwell v. Keating, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994). In conducting a review of the habeas petition, the *pro* se pleading is construed generously. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

III.  Failure to State Cognizable Habeas Claim

Notwithstanding a broad construction of the petition, this habeas petition must be dismissed. Without belaboring the matter, there simply is insufficient factual information

3

set forth from which this Court could reasonably infer that there is any constitutional or federal law violation concerning Chambers's detention manifest in the four-corners of the pleading. For instance, there is no indication whether Chambers is subject to a final order of removal, whether he is in state custody or ICE custody, and/or whether the removal period has begun in light of the fact that it is unclear whether he is serving a criminal sentence, awaiting criminal trial, or is otherwise subject to a state order (such as a civil commitment order) forming the basis of his custody. While he contends that his deportation is "untimely" and that he has not had a 90-day review, these allegations, standing alone and without any factual information in support, do not provide sufficient information to state a plausible due process claim under Zadvydas v. Davis, 533 U.S. 678 (2001) and its progeny.[1]

---

[1] Under 8 U.S.C. § 1231(a)(1)(A), "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The "removal period" begins on the latest of the following:

(i) The date the order or removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). In Zadvydas, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6), which authorizes detention beyond this ninety-day removal period, "authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." Zadvydas, 533 U.S. at 682. The Court construed "the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." Id. Here, it is unclear whether Zadvydas is factually applicable to Chambers's situation. Zadvydas concerns the amount of time the Government may detain a removable alien beyond the ninety-day removal period specified in 8 U.S.C. § 1231(a)(1)(B); however, the removal period does not even begin until he is "released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(iii). Because it is unclear whether Chambers is still confined by the state or whether he is in ICE custody awaiting removal, this Court

4

In light of the failure to set forth a cognizable habeas claim on the face of the petition, this action shall be <u>DISMISSED</u> without prejudice in its entirety. Should Chambers seek to renew a habeas petition in this Court, he may re-file a petition for writ of habeas corpus, provided he sets forth sufficient factual background concerning his immigration status, his custodial status, and his claims of violations of constitutional or federal law with respect to his detention. Further, any renewed petition must be accompanied by the $5.00 filing fee or a Motion for Leave to Proceed *in forma pauperis* with his inmate account statement.[2]

## CONCLUSION

Based on the foregoing, it is hereby Ordered that the Petition for Writ of Habeas Corpus is <u>DISMISSED</u> *sua sponte* without prejudice.

SO ORDERED.

                                          <u>/s/ Rya W. Zobel</u>
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE

DATED: May 13, 2011

---

cannot find that the instant habeas petition implicates the post-removal period at issue in <u>Zadvydas</u>.

    [2]The Clerk shall send Chambers the standard application form.